**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SAMUEL MALDONADO,**

    **Plaintiff,**

**vs.**                                **CASE NO.: 4:21-CV-00381-MW-MAF**

**D. ARNOLD,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon Plaintiff's filing entitled "Motion for Emergency Inj[un]ction to Stop Discrimination and Threatening Retaliatory Staff Misconduct Behavior That[']s Unconstitutional and Dehumanizing for the Purpose of Racism and Prejudice." ECF No. 1. Plaintiff, a prisoner proceeding *pro se*, filed the motion without a civil complaint and does not suggest the motion refers to any open case. Id.

Plaintiff is no stranger to the federal courts, did not pay the $402 filing fee, and did not file a motion to proceed *in forma pauperis*. Plaintiff presents certain allegations but does not ask the Court for any relief. Id. Plaintiff's motion is unverified under the penalty of perjury. Id. For the reasons stated below, the motion is due to be DENIED. Finally, Plaintiff's motion should not be construed as an attempt to file a civil rights complaint because he is a

three-striker under the Prison Litigation Reform Act (PLRA). The case should be closed.

## I.   Plaintiff's Motion, ECF No. 1

In the motion, Plaintiff alleges that D. Arnold, a counselor, has treated Plaintiff in a discriminatory and racist manner. ECF No. 1. Plaintiff claims that Arnold addresses him as "inmate." Id., p. 2. According to Plaintiff, Defendant Arnold made derogatory comments and acts unprofessionally. Id. Plaintiff generally claims Defendant "is racist against Spanish and white people." Id., p. 2. Plaintiff only generally alleges that Defendant threatens him, has caused him psychological harm, acts as if "he is above the law," and is deliberately indifferent to Plaintiff's safety and mental health. Id., p. 3. Plaintiff claims that Defendant threatened to write him up because he wrote the word "u[r]gent" on his court documents. Id., p. 4. Plaintiff provides no facts to suggest he is at risk of physical harm or in any imminent danger.

Plaintiff also provides a copy of a civil rights complaint form naming Defendants Foreman, Arnold, and Willingham but emphasizes that it is an "exhibit only" – "Exhibit D." Id., pp. 10-16. The complaint "exhibit" is not signed under the penalty of perjury. Id. The form is incomplete in that the sections relating to Plaintiff's litigation history and other sections are missing. Id. On the form, Plaintiff accuses three defendants of falsifying documents

used for his prison disciplinary hearing, denying him use of the phone for 35 days, loss of his prison job, showing favoritism among inmates, retaliation, and denying him the right to have witnesses at his disciplinary hearing, all in violation of Due Process and the First Amendment. Id. Plaintiff has no other Section 1983 action pending to which this filing might belong, as verified within the Court's CM-ECF system.

## II. Preliminary Injunction Standard

In order for Plaintiff to be entitled to a preliminary injunction, he must show: (1) a substantial likelihood of success on the merits; (2) that the order is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the order would cause to the non-movant; and (4) that the order would not be adverse to the public interest. DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011). A preliminary injunction is considered an extraordinary and drastic remedy and, as such, is not granted unless Plaintiff can clearly satisfy the burden of persuasion as to each of the four prerequisites. Id. Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of

the lawsuit can be reviewed. All Care Nursing Service v. Bethesda Memorial Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989). Therefore, the relief sought in the motion must be closely related to the conduct. The persons from whom the injunctive relief is sought must be a party to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842 (11th Cir. 1995). A showing of irreparable harm is "the sine qua non of injunctive relief." Northeastern Florida Chapter of Ass'n of Gen. Contractors of Amer. V. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990).

As a threshold matter, Plaintiff's motion is not related to the conduct complained of in any complaint before the Court. Without an underlying action, the motion is due to be denied. More importantly, Plaintiff fails to meet the standard for relief because there is not a substantial threat that he will suffer irreparable injury if the injunction is not granted as discussed below.

A. Discussion

Plaintiff's assertions are merely conclusory allegations regarding alleged "psychological and emotional abuse." ECF No. 1, p. 2. Derogatory, demeaning, profane, threatening, or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989); see also McBride v. Deer, 240 F.3d 1287, 1291 n.3

(10th Cir. 2001) ("[A]cts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); Sims v. Hickok, 185 F.3d 875 (10th Cir. 1999) (summary dismissal of inmate's complaint for failure to state a claim was appropriate because officer's insults and racial slurs did not amount to a constitutional violation); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983).

Plaintiff has not demonstrated that he currently faces a "substantial threat" of "immediate and irreparable injury" from Defendant. At best, the motion presents only prospective, speculative allegations of a strictly subjective perception of harm. Plaintiff does not state a prima facie case for preliminary injunctive relief. Moreover, Plaintiff has not complied with Rule 65 requiring that the specific facts or allegations be set forth in an affidavit or verified complaint. See Fed. R. Civ. P. 65(b)(1)(A). Even if the motion is construed as an affidavit or verified complaint, that is verified having been made under penalty of perjury (and this motion is not verified), it does not make a prima facie case for injunctive relief because the claims are merely speculative.

The Court need not address each prerequisite to determine whether relief is warranted. It is sufficient that because Plaintiff cannot satisfy all four prerequisites his request for injunctive relief should be DENIED. Plaintiff also must contend with the issue that, as a prisoner, he is subject to certain restrictions under the PLRA, namely, that he is a three-striker.

## III. An Opportunity to Amend is Futile Because Plaintiff is a Three-Striker under the PLRA.

Even if the Court liberally construed Plaintiff's motion as attempt to file a legally-insufficient civil rights complaint, before ordering Plaintiff to properly amend, the Court must determine whether Plaintiff's action is precluded by 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court takes judicial notice of some of Plaintiff's litigation history.[1] It is worth noting that Plaintiff has litigated numerous actions pursuant to

---

[1] A "[c]ourt may take judicial notice of another court's order for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation and related filings." In re Delta Resources, Inc., 54 F.3d 722, 725 (11th Cir. 1995).

Section 1983 under different names: Hamza Maldonado, Samuel Isa Maldonado, and Samuel Maldonado.[2] Upon review, Plaintiff qualifies as a three-strikes litigant based on the following cases:

1. Eastern District of New York, Case No. 1:11-cv-00554-ENV-ALC, dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B);

2. Eastern District of New York, Case No. 1:19-cv-07047-ENV-LB for failure to state a claim;

3. Second Circuit Court of Appeals, Case No. 11-929-pr, dismissal for lacking an arguable basis in law or fact pursuant to 28 U.S.C. § 1915(e);

4. Middle District of Florida, Case No. 3:17-cv-319-MCR, dismissal for failure to state a claim;

5. Middle District of Florida, Case No. 3:17-cv-476-JRK, dismissed as frivolous and for failure to state a claim.

On June 26, 2020, the United States District Court for the Middle District of Florida determined that Plaintiff is a three-striker under the PLRA in Case No. 3:20-cv-00193-HLA-PDB (ECF No. 40). Accordingly, this Court reminds Plaintiff that, to meet the imminent danger exception, he must show that "at the time that he seeks to file his suit in district court or seeks to

---

[2] See MDFL Case No. 3:20-cv-00193-HLA-PDB where Plaintiff's prison identification number and location of incarceration are identical. Pursuant to Section 1983, Plaintiff filed no less than eleven cases as Hamza Maldonado, twelve cases in the Middle District of Florida as either Samuel Maldonado or Samuel Isa Maldonado, and two cases in the Eastern District of New York.

proceed with his appeal or files a motion to proceed IFP." <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999). As explained above, Plaintiff's claims consist of general allegations that that do not place Plaintiff in imminent danger. Plaintiff was not facing serious physical injury when he filed the motion. There is no doubt that Plaintiff is a three-striker and does not meet the imminent danger exception. As such, Plaintiff is required to pay the filling fee up front at the time he files a civil rights complaint.

## IV.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief, ECF No. 1, be **DENIED** and that the case be **DISMISSED** without prejudice because Plaintiff is a three-striker pursuant to the PLRA.

IN CHAMBERS at Tallahassee, Florida, on September 27, 2021.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being

served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).